IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF ANNA H. PATTERSON and ESTATE OF JOHN D. HAYNIE, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF PITTSBURGH and MARGARET L. LANIER, *Department of Finance, City of Pittsburgh*, <br><br> Defendants. | Civil Action No. 11-1021 <br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION

This suit is brought on behalf of the Estates of Anna H. Patterson and John D. Haynie ("Plaintiffs"), alleging violations of the due process clause of the Fourteenth Amendment and 42 U.S.C. § 1983. (Docket No. 1). Defendants the City of Pittsburgh and Margaret L. Lanier, Department of Finance, City of Pittsburgh (collectively, "Defendants"), bring the pending motion to dismiss, or in the alternative, motion for summary judgment [8]. The Court has considered the record before it as well as the oral argument held September 30, 2011. (Docket No. 16). Plaintiffs presented the Court with a supplemental written brief at the September 30, 2011 hearing, (*id.*), and this brief was appropriately filed on October 3, 2011. (Docket No. 18). Defendant filed their response to this supplemental brief two days later. (Docket No. 19). The motion is now ripe for disposition. For the following reasons, Defendants' motion to dismiss is DENIED, but Defendants' motion for summary judgment is GRANTED.

1

I. **Background**

a. **Factual Background**[1]

The facts here are straightforward. On March 19, 1960, Anna H. Patterson died intestate. (Docket No. 1 at 1). Letters of Administration were granted to Johnnie Beatrice Haynie ("Haynie"), as Administratrix of the Anna Patterson Estate, on May 31, 1990. (*Id.*). On August 19, 1985, John D. Haynie died intestate. (*Id.*). Letters of Administration were likewise granted to Haynie on December 16, 1985 as Administratrix of the John Haynie Estate. (*Id.*). Patterson and John Haynie had owned, as tenants in common, the property located at 7225 Susquehanna Street, Pittsburgh, Pennsylvania 15208 (the "Property"). (*Id.*). Thus, the Property – initially owned by two tenants in common – came under the control of one party – *i.e.*, Administratrix Haynie. The attorney is the same for both estates. (Docket No. 9-1 at ¶ 6).

On March 23, 2011, Counsel for Plaintiffs received Notice of Pending Treasurer's Sale of the Susquehanna Street property ("Notice"). (*Id.*). The Notice was only addressed to the Patterson Estate, and not the Haynie Estate. (*Id.* at 1-2). A statement of taxes due was attached to the Notice. (*Id.* at ¶ 7). The statement showed taxes due on the Property from 1992 to 2010. (*Id.*). On July 29, 2011, a Treasurer's Sale was held. (*Id.*). The Property, however, was not sold at the Treasurer's Sale. (Docket Nos. 9-1 at ¶ 11). In fact, the Allegheny County Assessment website corroborates the fact that no recent sale has been recorded for the Property.[2]

---

[1] As the motion seeks dismissal or, in the alternative, summary judgment, the Court views all *disputed* facts in a light most favorable to Plaintiffs and draws all reasonable inferences against Defendants. *El v. Southeastern Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

[2] Although this website is not part of the pleadings, the Court takes judicial notice of the website as it constitutes a public record, which the Court may consider even at the motion to dismiss stage. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.") (citing *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Plaintiffs claim that Defendants' *offer* to sell the property violated the Due Process Clause of the Fourteenth Amendment of the Constitution. (Docket No. 1 at ¶ 8). They bring this claim under 42 U.S.C. § 1983. (*Id.* at ¶¶9-11).

### b. Arguments on the Motion

Defendants argue that the complaint fails to adequately establish that this Court has jurisdiction, and that it should thus be dismissed under Federal Rule 12(b)(1). (Docket No. 10 at 2). Alternatively, Defendants argue that summary judgment is appropriate here because there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. (*Id.* at 3). These arguments are based largely on the fact that the Property was not sold. (*See id.* at 4).

Plaintiffs respond that the complaint adequately pleads a "tak[ing]" for three reasons: (1) the Haynie Estate was not provided notice of the sale; (2) neither Estate was provided an opportunity for a hearing; and (3) Defendants failed to provide notice to Counsel of delinquent taxes for the period between 1992 and 2010. (Docket No. 12 at ¶ 9). Plaintiffs seem to argue that these alleged procedural inadequacies are sufficient to demonstrate a violation of the Due Process Clause, even if the Property was not sold.

## II. Legal Standards

### a. Rule 12(b)(1)[3] – Subject Matter Jurisdiction

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges

---

[3] Although the Court denies the motion to dismiss under Rule 12(b)(1) based on the arguments asserted in the briefs, the Court notes that Plaintiffs' counsel indicated at the hearing that he is not seeking counsel fees, punitive damages, or monetary damages. Defense counsel indicated the same. This would seem, to this Court, to indicate that there is no case or controversy such that the Court could maintain jurisdiction under Article III of the Constitution. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) ("[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Because the Court finds sufficient justification on the record to grant the Defendants' motion for summary judgment, the Court need not address this issue further.

a court's subject-matter jurisdiction over the plaintiffs' claims. FED. R. CIV. P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's very power to hear the case." *Judkins v. HT Window Fashions Corp.,* 514 F.Supp.2d 753, 759 (W.D.Pa.2007) (quoting *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884, 891 (3d Cir.1977)). As the party asserting that jurisdiction exists, the plaintiff bears the burden of showing that his or her claims are properly before the court. *Development Finance Corp. v. Alpha Housing & Health Care,* 54 F.3d 156, 158 (3d Cir.1995). In reviewing a Rule 12(b)(1) motion, a court must determine whether the attack on its jurisdiction is a facial attack or a factual attack. A facial attack challenges the sufficiency of the plaintiff's pleadings on jurisdictional grounds. *Petruska v. Gannon University,* 462 F.3d 294, 302, n. 3 (3d Cir.2006). When considering a facial attack, a court must accept the allegations contained in the plaintiff's complaint as true. *Id.* A factual attack on the court's jurisdiction must be treated differently. *Id.* When considering a factual attack, the court does not attach a presumption of truthfulness to the plaintiff's allegations, and the existence of disputed material facts does not preclude the court from deciding for itself whether jurisdiction over the plaintiff's claims can be properly exercised. *Mortensen,* 549 F.2d at 891.

### b. Rule 56 – Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[4] Pursuant to Rule 56, the Court must enter summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that

---

[4] Rule 56 was amended effective December 1, 2010. The explanatory notes to the 2010 amendments explain that while the language in Rule 56 was changed from "issue" to "dispute," the "standard for granting summary judgment remains unchanged." Thus, the Court considers binding prior jurisprudence of the United States Supreme Court and the United States Court of Appeals for the Third Circuit in arriving at the standard to be employed in addressing the instant motion.

party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A motion for summary judgment will only be denied when there is a genuine issue of material fact, i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). The mere existence of some disputed facts is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As to materiality, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

In determining whether the dispute is genuine, the Court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. Rather, the Court is only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. *McGreevy*, 413 F.3d at 363; *see also Simpson v. Kay Jewelers*, 142 F.3d 639, 643 n.3 (3d Cir. 1998) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994)). In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

### III. Discussion

Because the Court finds that summary judgment is appropriate, the Court will not treat the request for dismissal under Rule 12(b)(1). The motion to dismiss is, therefore, denied.

Under Rule 56, "after adequate time for discovery and upon motion, [summary judgment is appropriate] against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at

trial." *Celotex*, 477 U.S. at 322. Thus, the issue critical to this motion is whether Plaintiffs have failed to demonstrate an element essential to their case. The Court finds that they have so failed, and that no amount of discovery will suffice to create a dispute over the material facts. Summary judgment is, therefore, appropriate here.

There appears to be no dispute as to the proper elements of a prima facie showing in this case. The Supreme Court has established a two-part inquiry for these cases: "[courts] must determine whether [a plaintiff] was deprived of a protected interest, and, if so, what process was his due." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *cf. Mullane*, 339 U.S. at 313 ("Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."). In the same vein, the parties agree that Plaintiff must show that: (1) Plaintiff has property or liberty interest, protected by the due process clause; (2) deprivation of the property or liberty interest; and (3) insufficient procedural protections surrounding the deprivation. (Docket No. 1 at 10; Docket No. 8 at ¶ 14).

Initial ownership is not in dispute. However, the Court finds that the other two elements are sorely lacking here. There has been no deprivation, and it does not appear that Plaintiffs were denied an opportunity to be heard or that due process was in any other way violated.

As to deprivation, Defendants attached an affidavit to the pending motion – made under penalty of perjury – stating that the Property has not been sold. (Docket No. 9-1 at ¶ 11). It seems that Plaintiffs attempt to rebut this point, not by denying it, but by arguing that, even though the property was not sold, it *could have been* sold, and that is sufficient to support their claim. (*See* Docket No. 13 at 5-6). They succinctly state that "[a]nother genuine issue is the taking of the

6

Susquehanna Street property, for the Treasury's Sale, on July 29, 2011, *without regard to whether the property was sold.*" (*Id.* at 5).

The Court disagrees: "A taking occurs when governmental action deprives the owner of all or most of its property interest." *Northwest LA Fish & Game Preserve Com'n v. United States*, 446 F.3d 1285, 1289 (Fed. Cir. 2006). *Northwest Fish & Game* relied on *United States v. General Motors Corp.*, 323 U.S. 373, 378 (1945), which said that:

> When the sovereign exercises the power of eminent domain it substitutes itself in relation to the physical thing in question in place of him who formerly bore the relation to that thing, which we denominate ownership… [I]t deals with what lawyers term the individual's 'interest' in the thing in question. That interest may comprise the group of rights for which the shorthand term is 'a fee simple' or it may be the interest known as an 'estate or tenancy for years'.

In no way did the Defendants' attempted sale of the Property deprive Plaintiffs of "all or most" of their interest, nor did that attempt "substitute" the Defendants for Plaintiffs. A sale was attempted. It was not successful. No substitution of interests occurred, and Plaintiffs' interest was not deprived as the sale was not made. Therefore, no taking occurred, and Plaintiffs were not "deprived" of any property interest.

Plaintiffs' arguments with respect to due process also ring hollow. The United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Due process does not require that a property owner receive actual notice before the government may take that owner's property. *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citing *Dusenbery v. United States*, 534 U.S. 161, 170 (2002)). Instead, the government must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones*, 547 U.S. at 226 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). This requirement is not hollow:

7

"[P]rocess which is a mere gesture is not due process." *Mullane*, 339 U.S. at 315. Still, reasonableness does not necessarily require excessive effort at effecting process. The Supreme Court has repeatedly found that when the government sends notice by certified mail, that method is reasonably calculated to inform those affected by the government action. *See, e.g., Dusenbery*, 534 U.S. at 169 (finding the use of postal service to send certified notice to known address to be adequate method of service); *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490 (1988) ("We have repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice.").

Here, Pennsylvania law specifically provides for sale of property to pay for delinquent taxes, *see* 53 P.S. § 27201, also provides the opportunity to challenge such a sale within ten days of notice of the sale. 53 P.S. § 27203(c). Section 27203 and the City of Pittsburgh's application thereof have already been found to satisfy the constitutional requirements of due process. *See Rago v. City of Pittsburgh*, Civ. No. 08-1423, 2010 WL 2991202, *10-*11 (W.D.Pa. 2010) (Conti, J.). Pennsylvania law *also* allows delinquent parties to enter into an agreement with the taxing body to stay sale and to appeal a sale within thirty days of that sale. 53 P.S. § 27207, 27303. Finally, a party may redeem their property up to 90 days after the sale. 53 P.S. § 27304. There are, thus, several opportunities built into the governing Pennsylvania law for property owners to challenge a tax-based taking, both before and after the taking has occurred.

Plaintiffs acknowledge that counsel for the Patterson Estate (also counsel in the present matter) received, by mail, a Notice of Pending Treasurer's Sale on March 23, 2011. (Docket No. 13 at 1). The Court would emphasize here that there is *one* property and *one* Administratrix over the Property. Counsel is also the same for both estates. Thus, it is reasonable to conclude that a sale of the Property under the Patterson Estate would likely impact the Haynie Estate, and notice

to the *single* attorney should have warned him that the rights of both estates were at issue. The Court therefore finds that "notice … appropriate to the nature of the case", *Mullane*, 339 U.S. at 313, was provided to both estates.

Additionally, the Court observes that March 23, 2011 was more than four months before the July 29, 2011 sale date. Per the Pennsylvania statutes,[5] the Patterson Estate could have either challenged the sale under § 27201 in the first instance or reached an agreement with Defendants under § 27207 in the second. Further, although it is unclear to this Court under which of these provisions – if any – Plaintiffs challenged the sale, it is clear from public records that a motion to stay the sale was filed on July 1, 2011 with the Court of Common Pleas of Allegheny County, Orphans' Court division, under case numbers 4030 of 1990 (*In re: Estate of Anna H. Patterson, Deceased*) and 5614 of 1985 (*In re: Estate of John D. Haynie, Deceased*). A hearing was scheduled in an order dated July 13, 2011.[6] The motion was denied on July 22, 2011 – seven days *before* the sale. *See* Docket Nos. 4030 of 1990; 6359 of 1985 (Pa. Ct. Com. Pl. July 22, 2011). Both Estates therefore had "opportunity for hearing appropriate to the nature of the case." *Mullane*, 339 U.S. at 313. Moreover, the fact that the Haynie Estate was party to the motion and was represented at the hearing supports the Court's earlier conclusion that actual notice was given to both Estates.

---

[5] A Court may take judicial notice of statutes that are beyond the pleadings. *See McDermott v. John Hancock Mut. Life Ins. Co.*, 255 F.3d 562, 563 (3d Cir. 1958) ("Federal Courts take judicial notice of the law of all the states of the United States."); *cf. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (holding that a court may take notice of judicial proceedings).

[6] The Court would note that the Case Number assigned to the Haynie Estate in this order was 6359 of 1985, which differs from the number under the initial filing. *In re Estate of John D. Haynie, Deceased*, Case No. 6359 of 1985 (Pa. Ct. Com. Pl. July 13, 2011).

As can be seen, Plaintiffs were in no way deprived of their property rights. Nor were they denied an opportunity to be heard. Plaintiffs simply failed to take advantage of procedural opportunities provided for by state law. They have therefore failed to make out a *prima facie* due process violation.

The Court reiterates that further discovery would not serve to create any issues of material fact in this case. It is an undisputed fact that the property was not sold. Moreover, Plaintiffs have admitted to receipt of the Notice, and Pennsylvania law provides for opportunities – which must be initiated by the Plaintiffs – to be heard before and after a taking occurs. Not only were Plaintiffs given an opportunity for a hearing, but public records also make clear that they *actually had* a hearing.

Because it is conclusively established that Plaintiffs cannot satisfy two of the elements of their claim, Plaintiffs' persistence in maintaining this suit indicates to this Court that Plaintiffs may be using this litigation in an effort to settle the tax claims asserted by the City.[7] While the Court understands Plaintiffs' Counsel's desire to end the underlying tax dispute – one way or another – neither payment by the Defendants in this case nor withdrawal of any tax proceedings in state court appear to be called for, as no taking has occurred, opportunities for hearing existed, and the subject taxes are unchallenged as due. While it is to be hoped that Plaintiffs and Defendants may arrive at an amicable resolution, this Court is not the place where same may be found, given the facts before the Court.

---

[7] The Court's conclusion is supported by Plaintiffs' statements in briefing, (*see* Docket No. 13 at 6 n.2) (stating that Plaintiffs "hope[] Defendants will agree to make an effort to settle this case, for example, through mediation."), and at oral argument, wherein Plaintiffs' Counsel acknowledged his desire to amicably resolve the case. Notably, this Court does have a mandatory ADR process in place. *See* LCvR 16.2, *available at* http://www.pawd.uscourts.gov/Documents/Forms/lrmanual.pdf. However, settlement should not be expected where, as here, Plaintiffs' claims are wholly lacking in merit.

## IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED but their motion for summary judgment is GRANTED. Judgment shall be entered for Defendants. Appropriate Orders follow.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

Date: October 13, 2011